IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>EMILIO TORRES RAMOS<br><br>Debtor<br><br>_____<br><br>EMILIO TORRES RAMOS<br><br>Plaintiff<br><br>v.<br><br>COOPERATIVA DE AHORRO Y CREDITO AGUAS BUENAS<br><br>Defendant | CASE NO. 18-01410 MCF<br><br>CHAPTER 7<br><br><br><br>Adversary Proceeding No. 19-<br><br>VIOLATION TO DISCHARGE INJUNCTION |

COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, Emilio Torres Ramos, Plaintiff, by and through the undersigned attorney and very respectfully, ALLEGES, STATES and PRAYS:

INTRODUCTION

1. Emilio Torres-Ramos, a resident of Puerto Rico facing economic hardship after the passage of Hurricane Maria through the island, sought protection from his creditors by filing a petition for relief under Chapter 7 of the Bankruptcy Code, Bankruptcy Case No. 18-01410. Mr. Torres-Ramos disclosed all his debts and creditors in the bankruptcy petition, including his debt with Cooperativa de Ahorro y Crédito de Aguas Buenas ("CAB").

2. CAB received notification of the bankruptcy petition of Mr. Torres-Ramos, and participated in the bankruptcy process. CAB's active participation in the case is recorded in the docket of the bankruptcy case through the filing of a notice of appearance (docket #12), and Proof of Claim #3. Moreover, CAB had notice of the Order of Discharge.

3. CAB's debt was discharged in Mr. Torres-Ramos' bankruptcy. However, after the Order of Discharge was entered, CAB coerced and harassed Mr. Ramos-Torres by attempting to collect a pre-petition debt through phone calls and collection letters that falsely represented that the debt was still owed.

4. This action is filed to enforce the Order of Discharge, and to enforce and implement other Bankruptcy Code provisions related thereto, and to prevent the frustration of the Debtor's fresh start. Mr. Torres-Ramos seeks monetary, declaratory and injunctive relief based in violations to 11 U.S.C. §524.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to entertain this complaint under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2).

6. This Court also has supplemental jurisdiction to hear all state law claims under 28 U.S.C. §1367.

7. Venue is proper in this District under 11 U.S.C. §1391 because all or a substantial part of the events giving rise to the claims occurred in this District. Venue is also proper under 28 U.S.C. §§1408 and 1409 because this adversary proceeding is brought in under Title 11.

## PARTIES

Complaint
Bankruptcy Case No. 18-01410 MCF / AP No.
Page 3 of 7

8. The Plaintiff, Emilio Torres Ramos, is the Debtor in the above caption bankruptcy case, and a resident of Puerto Rico.

9. The Defendant, Cooperativa de Ahorro y Credito Aguas Buenas, is a corporation organized under the laws of the Commonwealth of Puerto Rico. The Defendants address is PO Box 5, Aguas Buenas, PR 00703-0005.

10. ABC INSURANCE CORPORATION is an insurance company duly authorized to conduct business in Puerto Rico, which has issued an insurance policy in favor of the Defendant that covers the claims alleged in this Adversary Proceeding.

## FACTUAL BACKGROUND

11. On March 16, 2018, Emilio Torres Ramos (hereinafter "Plaintiff" or "Debtor") filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code, Bankruptcy Case No. 18-01410 MCF.

12. CAB was included as a creditor in the bankruptcy case of the Emilio Torres Ramos. (See Doc. #1, pp. 23 and 46).

13. On May 14, 2019, CAB filed a Notice of Appearance and Claim No. 3 in the bankruptcy case of Emilio Torres Ramos. (See Doc. #12, and POC #3).

14. On July 13, 2018, the Bankruptcy Court granted Emilio Torres Ramos a discharge of all debts pursuant to 11 U.S.C. §727. (See Doc. #17, Order of Discharge).

15. Plaintiff's personal obligation to CAB was discharged by the Order of Discharge entered on July 13, 2018.

16. CAB had notice of the Order of Discharge.

17. CAB was informed that all actions or proceedings for the collection or enforcements of any claims against Emilio Torres Ramos after the filing of the bankruptcy petition were prohibited by law.

18. CAB was informed that all actions or proceedings for the collection or enforcement of any claims against Emilio Torres Ramos after the issuance of the Order of Discharge were prohibited by law.

19. On or around February 15, 2019, CAB sent a collection letter to the Debtor falsely stating that Debtor still owed $5,517.91, and threatening with the imposition of late charges if payment was not made by March 6, 2019. (See Exhibit A).

20. On or around March 13, 2019, CAB sent a collection letter to the Debtor falsely stating that Debtor still owed $5,517.91, and threatening with the imposition of late charges if payment was not made by April 6, 2019. (See Exhibit B).

21. On April 10, 2019, the Debtor received a phone call from an individual that identified himself as Cesar Rivera, Collections Officer of CAB. Mr. Rivera called the Debtor to collect a debt allegedly owed to CAB in relation to a Master Card credit card. The Debtor informed Mr. Rivera that he had filed a bankruptcy and such debt was discharged.

22. On or around April 11, 2019, CAB sent a collection letter to the Debtor falsely stating that Debtor still owed $5,517.91, and threatening with the imposition of late charges if payment was not made by May 6, 2019. (See Exhibit C).

23. CAB's repeated collection efforts were intended to collect a debt that was discharge in the bankruptcy of the Plaintiff.

24. CAB's repeated collection efforts improperly coerced and harassed the debtor to pay a discharged debt.

25. CAB's actions have caused harm to the Debtor. The repeated collection attempts by CAB have caused anxiety, stress, agitation, emotional damage to the Debtor, who has been inconvenienced by the actions of CAB and forced to seek legal assistance to protect his rights.

26. On information and believe, CAB has failed to implement an effective policy to assure that its collection personnel comply with the automatic stay, and the discharge injunction.

27. The actions of CAB constitute a violation of 11 U.S.C. §524(a).

## FIRST CLAIM

## WILLFUL VIOLATION OF DISCHARGE INJUNCTION (11 U.S.C. §524(a))

28. Debtor repeats and alleges the paragraphs above as if set forth herein.

29. CAB's repeated attempts to coerce and harass the Debtor into paying a discharged debt is a violation of the discharge granted by the Bankruptcy Court under 11 U.S.C. §727. CAB's actions are unlawful, and constitute a violation of the bankruptcy court orders pursuant to 11 U.S.C. §524.

30. CAB's conduct has substantially frustrated the Order of Discharge entered by the Bankruptcy Court, impeded Debtor's right to continue his life free from the harassment of collection efforts of discharged debts, caused the Debtor unwarranted, and unnecessary time, effort and expense in seeking to enforce rights protected by the Bankruptcy Code.

31. Because CAB's actions constitute a gross violation of the Bankruptcy Court Order of Discharge, the Court should impose actual damages, punitive damages, and legal fees against the defendant to protect the integrity of the bankruptcy system.

32. Sanctions against CAB are warranted for its misconduct in this case, and to discourage continuous and future violations.

33. As a result of CAB's violation to 11 U.S.C. §524(a), the defendant is liable to the Debtor for actual damages, punitive damages and legal fees. 11 U.S.C. §105.

## PRAYER FOR RELIEF

**WHEREFORE,** Debtor, through his attorney, respectfully requests the following relief:

A. Enter judgment in Debtor's favor on all counts.

B. Enter judgment awarding the Debtor all of the damages he has incurred as a proximate result of Defendant's unlawful collection efforts, estimated in no less than $100,000.00.

C. Enter judgment awarding the Debtor punitive damages for Defendant's willful violation of the Order of Discharge.

D. Enter judgment awarding the Debtor all reasonable legal fees and expenses incurred in this action.

E. Enter judgment finding CAB in contempt of court for willful violation of the Order of Discharge.

F. Enter an order to against CAB to Cease and Desist from violations of the discharge injunction.

G. Order any other and further relief as this court deems just and proper.

**Respectfully submitted,**

In San Juan, Puerto Rico, this 19th day of November of 2019.

Complaint
Bankruptcy Case No. 18-01410 MCF / AP No.
Page 7 of 7

By: <u>/s/ANDREW JIMÉNEZ CANCEL</u>
ANDREW JIMÉNEZ CANCEL
USDC-PR # 226510
P.O. Box 9023654
San Juan, PR 00902-3654
Tel. (787) 638-4778
ajimenez@ajlawoffices.com

Attorney for: Emilio Torres Ramos

B1040 (FORM 1040) (12/15)

|  ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Emilio Torres Ramos | **DEFENDANTS**<br>Cooperativa de Ahorro y Credito Aguas Buenas |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>ANDREW JIMENEZ LLC   Phone: 787-638-4778<br>Andrew Jimenez-Cancel, Esq.<br>PO BOX 9023652<br>San Juan, PR 00902-3654 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)



**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $250,000.00 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Emilio Torres Ramos | BANKRUPTCY CASE NO.<br>18-01410 MCF |||
| DISTRICT IN WHICH CASE IS PENDING<br>Puerto Rico | DIVISION OFFICE | NAME OF JUDGE<br>Mildred Caban Flores ||
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. ||
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE ||
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/Andrew Jimenez-Cancel ||||
| DATE<br>November 19, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Andrew Jimenez-Cancel |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.