**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | |
| **EMILIO TORRES RAMOS** | **CASE NO. 18-01410(MCF)** |
| **Debtor** | **Chapter 7** |
| ------------------------------ | |
| **EMILIO TORRES RAMOS** | |
| **Plaintiff** | **ADVERSARY CASE: 19-00456 (MCF)** |
| **V.** | |
| **COOPERATIVA DE AHORRO Y CREDITO AGUAS BUENAS** | |
| **Defendant** | |

<u>**OPINION AND ORDER**</u>

The Plaintiff Emilio Torres Ramos filed this adversary complaint, alleging that the Defendant Cooperativa de Ahorro y Credito Aguas Buenas ("COOP") violated the discharge injunction. The dispute centers around whether COOP engaged in collection efforts to coerce payment from the Plaintiff after the discharge order was entered by sending credit card statements, making telephone calls, and failing to report certain information to the credit bureau.

**UNDISPUTED FACTS AND PROCEDURAL HISTORY**

The Plaintiff filed a voluntary petition under chapter 7 of the Bankruptcy Code on March 16, 2018, Bankruptcy Case No. 18-01410 (MCF). The Plaintiff included COOP as a creditor in his bankruptcy case. On July 13, 2018, the Bankruptcy Court granted

1

the Plaintiff a discharge of all debts pursuant to 11 U.S.C. § 727. COOP had notice of the Order of Discharge. Exhibit #2 of Docket No. 63-2. The Plaintiff's personal obligation under the MasterCard credit card with COOP was discharged.

Seven months later, on February 16, 2019, COOP mailed a credit card statement to the Plaintiff. The document is named "Monthly Statement of Account." The statement's closing date was February 9, 2019. This document stated the following: the "New Balance" was $5,517.91; a "Minimum Payment Due" of $1,796.91; and "Payment Due Date" March 6, 2019. The document further contains a late payment warning which reads as follows: "If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $15." Exhibit C of Docket No. 51-3.

On the following month, on March 13, 2019, COOP mailed another "Monthly Statement of Account" to the Plaintiff. The statement's closing date was March 9, 2019. The form and content of this document is identical to Exhibit C described above. The "Minimum Payment Due" increased by $92.00 from the previous credit card statement to $1,888.91. Exhibit D of Docket No. 51-4.

On April 11, 2019, COOP mailed to the Plaintiff a third "Monthly Statement of Account." The closing date was April 9, 2019. This document follows the same format as the credit card statements found at Exhibits C and D. The new "Minimum Payment Due" increased in that statement to $1,980.91. This is a $92 dollar increase from the prior statement. Exhibit E of Docket No. 51-5.

On April 1, 2019, COOP first reported to Equifax -a credit report agency- that the MasterCard account of Plaintiff was delinquent. Docket No. 51-11, Exhibit K. The Equifax Credit Report dated October 28, 2020, classified the account as Charged off, and was last reported delinquent on September 23, 2019. Id.

**DISPUTED FACTS**

On April 16, 2019 and January 2, 2020, the Plaintiff alleges that a COOP employee called him to seek payment of the discharged credit card debt. The phone number from which the Plaintiff was supposedly called is (787) 732-4036. COOP disputes this fact by stating that there is no evidence of calls going out from its collection department to the Plaintiff.[1]

**PARTIES CONTENTIONS**

The Plaintiff argues that he included his MasterCard credit card account with COOP in his Bankruptcy and the debt was discharged. Seven months after the discharge order was entered, COOP began to send him credit card statements in February, March, and April 2019. The credit card statements unequivocally make a demand for payment of the debt. The statements also included a late payment warning. The minimum payment required in the first statement sent to the Plaintiff was $1,796.91. In every successive

---

[1] In the statement of uncontested facts, the Plaintiff alleges that an employee of COOP named **Omar Rivera**, called him to demand payment from the discharged debt **on April 16, 2019.** Docket No. 51, at 4, ¶ 18. The court notes that Plaintiff's request of admissions shows the name of **Cesar Rivera** as the caller with a date of **April 10, 2019.** Exhibit B, Docket No. 51-2, at 2, Request Nos. 3 & 4. COOP denied both admissions. The Plaintiff included in its exhibits a screenshot of the Facebook profile of a person named Omar Rivera, that appears to be employed by COOP. Exhibit I, Docket No. 51-9.

3

statement, the minimum payment increased by $92.00, to $1,888.91 in March 2019, and to $1,980.91 in April 2019. These three statements are not informational in nature. The statements do not have a disclaimer that the debt was discharged in the Plaintiff's bankruptcy. In fact, the statements demand payment in the same fashion that COOP required payment from the Plaintiff prior to the bankruptcy.

In addition to the monthly statements, the Plaintiff received telephone calls from COOP to collect a debt allegedly owed to it in relation to a MasterCard credit card. The Plaintiff informed that he had filed a bankruptcy and the debt was discharged.

The Plaintiff also contends that COOP has not corrected the information regarding the MasterCard credit card account on the last Equifax Credit Report. According to the Plaintiff, COOP omitted providing to Equifax the crucial information that the account had been included in a bankruptcy. This omission has a strong coercion effect on the Plaintiff to pay the debt because the credit report has a direct impact on his credit worthiness and prospects of obtaining credit. This behavior unequivocally shows COOP's coercive actions to harass the Plaintiff into paying the credit card debt.

COOP argues that there were no collection efforts and no phone calls made to the Plaintiff. To counter the accusation of collection efforts, COOP argues that this court previously determined at Docket No. 44 that the monthly statements referred

4

by the Plaintiff as Exhibits C, D & E, are not collection letters. COOP views this court's determination that the credit card statements are not collection letters as a reason to deny the Plaintiff a judgment as a matter of law. COOP points out that the ruling is final and unappealable.

COOP further contends that this case is a clear example of the inappropriate use of the summary judgment because there is a genuine issue as to the material facts regarding phone calls.  It points out that no record of the phone calls coming out of its Collection Department or principal lines went to the Plaintiff on April 16, 2019 and January 2, 2020.

As to the credit reporting issues, COOP claims that "there are no monthly reports because the account is no longer active." COOP concludes that this court cannot hold it in civil contempt for violating the discharge order because of a test established in Taggart v. Lorenzen, 139 S. Ct. 1795 (2019).[2]

**LEGAL STANDARD**

Under Fed. R. Civ. P. 56(a), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a party may file a motion for summary judgment, identifying each claim or the part of each claim on which summary judgment is sought. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a

[2]COOP fails to explain the test it alleges that bars this court from holding it in contempt for a violation of the discharge order.

5

matter of law." Id.; Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The court may grant part of the relief requested by the moving party. Fed. R. Civ. P. 56(g). A partial summary judgment is the disposition of less than the entire case, regardless of whether the order grants all the relief requested. Hotel 71 Mezz. Lender LLC v. National Ret. Fund, 778 F.3d 593, 606 (7th Cir. 2015). The granting of a partial summary judgment is a pretrial ruling that deems as established certain issues for the trial. FDIC v. Massingil, 24 F3d 768, 774 (5th Cir. 1994).

To prove a discharge injunction violation, the Plaintiff must establish that the creditor "(1) has notice of the debtor's discharge; (2) intends the actions which constituted the violation; and (3) acts in a way that improperly coerces or harasses the debtor." Bates v. CitiMortgage, Inc., 844 F.3d 300, 304 (1st Cir. 2016)(citing Best v. Nationstar Mortgage LLC, 540 B.R. 1, 9 (B.A.P. 1st Cir. 2015)). "[A] debtor need not prove that a creditor acted in bad faith or even that the creditor created all of the circumstances in which the coercion occurred, only that the creditor's actions had a coercive effect upon the debtor." In re Lumb, 401 B.R. 1, 7 (B.A.P. 1st Cir. 2009)(citing Curtis v. Salem Five Mortgage Co., LLC (In re Curtis), 359 B.R. 356 (1st Cir. BAP 2007)).

**LEGAL ANALYSIS**

In applying the three-prong test in this case, COOP admits that it had notice of the discharge order. With such admission,

6

the Plaintiff satisfies the first prong which requires notice of the debtor's discharge. Exhibit #2 of Docket No. 63-2.

COOP does not dispute the second prong of the test and merely states that the account statements were not collection efforts. COOP rests on the fact that this court had previously ruled that the account statements sent to the Plaintiff were not collection letters. The court's ruling at that hearing was limited to resolving a discovery dispute. The court maintained its jurisdiction to rule on the contents of the communications sent by COOP to the Plaintiff on a summary judgment or at trial. As such, the three credit card statements are not collection letters from an attorney or a collection agency demanding payment. The communication sent on February 2019, March 2019 and April 2019 are clearly monthly credit card statements demanding payment and threatening late charges. Each successive statement demanded payment and the amount requested increased for lack of payment. This court concludes that the statements were intentionally sent by COOP to the Plaintiff, and they violate the discharge order. Hence, the Plaintiff has satisfied the second prong of the test for violation of the discharge order with respect to the credit card statements.

Plaintiff also satisfies the second prong of violation of the discharge order with respect to the failure of COOP to report the bankruptcy to the credit bureau. COOP merely states that it did not have to report because the account is no longer active. The

7

court does not agree because a review of the report shows that the delinquency on the MasterCard account was first reported on April 1, 2019, several months after the Debtor had obtained the discharge.

As to the third prong, the court concludes that the communications regarding the credit card statements were improper and harassed the Plaintiff. "In this circuit, courts assess whether conduct is improperly coercive or harassing under an objective standard." Kirby v. 21st Mortgage Corp., 599 B.R. 427, 440 (B.A.P. 1st Cir. 2019). "While there is no specific test to determine whether a creditor's conduct meets this objective standard, the circuit considers the facts and circumstances of each case, including factors such as the immediateness of any threatened action and the context in which a statement is made." Id.

The common factor in violations of the automatic stay or discharge injunction by a creditor for loan related correspondence "is a clear demand for payment of a pre-petition debt accompanied by coercion in the form of threatened action or some other consequence for nonpayment, or harassment to induce the debtor to pay." Id. at 441. A look at the three credit card statements (Exhibits D, E and F) show that COOP threatened the Plaintiff with late charges of $15 for non-payment of the discharged debt.

In examining the Equifax Credit Report, the Plaintiff's MasterCard is listed as "Closed." (Exhibit K at 9-11). The payment

history of this card is included in a chart and shows that the Plaintiff's payment has been past due for more than 180 days during the period when he was in bankruptcy. The chart's legend shows a letter "B" for reporting when the account has been included in a bankruptcy. This letter "B" is not reported during the period in which the Plaintiff was in bankruptcy. COOP's actions have the effect of coercing the Plaintiff into payment of a discharged debt.

Courts have held that the failure to update a credit report to show that a debt has been discharged is also a violation of the discharge injunction if shown to be an attempt to collect the debt. 4 Collier on Bankruptcy P 524.02 (16th 2021)(citing <u>Phillips v. Deutsche Nat'l Trust (*In re* Phillips)</u>, 2011 Bankr. LEXIS 3780 (Bankr. N.D. Ohio Sept. 29, 2011)(failure to update credit report to show mortgage had been cured in chapter 13 violated discharge injunction); <u>Torres v. Chase Bank USA, N.A. (In re Torres)</u>, 367 B.R. 478 (Bankr. S.D.N.Y. 2007)(the adverse effects of the creditor's refusal to update information concerning the debts could be construed as pressure on the debtors to pay their discharged debts). The court is of the view that this failure to update the credit report aggravated the collection efforts made by COOP through the credit card statements.

With respect to the alleged phone call communications between COOP and the Plaintiff, this is a material factual dispute that cannot be resolved by summary judgment. The Plaintiff says that he received two phone calls from a COOP employee requesting payment

9

on the discharged credit card debt and COOP responds that its phone records do not show that calls were originated from its lines to the Plaintiff. The court cannot resolve this issue summarily without having an evidentiary hearing on the issue of whether the Plaintiff received telephone calls from a COOP employee demanding payment on a discharge debt.

Although the court cannot rule on whether COOP violated the discharge injunction based on alleged telephone calls, the court can enter partial judgment as to liability with respect to the three credit card statements and the failure to report the bankruptcy to the credit bureau. It is appropriate for a partial summary judgment as there are no material facts in dispute as to the delivery of the credit card statements and the failure to report of the bankruptcy filing to the credit bureau, and that COOP violated the discharge as a matter of law. In re Colarusso, 382 F.3d 51 (1st Cir. 2004) (citing Celotex, 477 U.S. at 322-323); Vega-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

Consequently, the hearing scheduled for December 1, 2021, is converted into a pre-trial hearing. Parties must file a joint pre-trial report 14 days before the hearing.  After the pre-trial conference, the court will schedule an evidentiary hearing for damages regarding the credit card statements and the failure to update the credit report and to decide whether the alleged telephone call constitutes a violation of the discharge order.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 29th day of September, 2021.

*Mildred Caban*

Mildred Caban Flores
U.S. Bankruptcy Judge

11