IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PUERTO RICO

IN RE:

EMILIO TORRES RAMOS

Debtor

EMILIO TORRES RAMOS

Plaintiff

v.

COOPERATIVA DE AHORRO Y CRÉDITO DE AGUAS BUENAS

Defendant

CASE NO. 18-01410 (MCF)

CHAPTER 7

ADVERSARY CASE NO. 19-00456

**OPINION AND ORDER**

After the court entered a partial summary judgment against Cooperativa de Ahorro y Credito de Aguas Buenas ("Defendant"), it now alleges that a third-party is responsible for the discharge violation. Emilio Torres Ramos ("Plaintiff") opposes. The Defendant argues under Fed. R. Civ. P. 60(b)(1)(2) & (6), made applicable to bankruptcy under Fed. R. Bankr. P. 9024, that: 1) there was a mistake of law and fact made by this court; 2) new evidence was discovered after judgment; 3) process of discovery of evidence was not completed by Plaintiff; and 4) the award

-1-

on damages and fees will result in an undue hardship. The Plaintiff alleges that the Defendant's motion fails to satisfy the tests for relief from judgment. For the reasons below, we agree with the Plaintiff and deny the Defendant's motion for relief from judgment.

On March 16, 2018, the Plaintiff filed for chapter 7 bankruptcy. Four months later, this court entered the discharge order. Seven months after the entry of discharge, the Plaintiff received a credit card statement from the Defendant that contained collection language. He subsequently received two more statements that contained language demanding payment. During the same time, the Defendant reported to Equifax, a credit report agency, that Plaintiff's account was delinquent. On September 29, 2021, the court entered a partial summary judgment order that determined that the Defendant incurred in collection efforts by 1) sending credit card statements demanding payment, and 2) failing to report to the credit bureau that the Plaintiff was in bankruptcy. Docket No. 86.

The Defendant contends that this court had previously determined in a discovery order that the correspondence sent to the Plaintiff was not a collection letter. The Defendant argues that the court mistakenly changed its previous determination that the communications sent to the Plaintiff were not collection letters. Docket No. 98 at 5-6. The Defendant understands that it was misled by the court, and it was deprived of the opportunity of considering a different course of action in the defense of the case. Id. at 6. After the court entered partial summary judgment, the Defendant alleges that it discovered that it was not the party that sent the monthly statements to the Plaintiff, but rather a third-party, Evertec. The Defendant also observes that there are extraordinary issues that warrant relief from the order granting partial summary judgment, namely: 1) failure of the Plaintiff to complete discovery; 2) the actions upon which the complaint is based were not taken directly by the Defendant; 3) contradictory determinations by the court; and 4) the eventual awarding of damages, costs and attorney fees to the Defendant will be an undue hardship.

The Plaintiff responds that the Defendant is misinterpreting the discovery order at Docket No. 44. Docket No. 111. The Plaintiff points out that the Defendant did not provide an explanation in its motion as to why an alleged third-party is sending credit card statements to the Plaintiff on its behalf. Id. The Plaintiff raises the fact that the Defendant was not diligent in performing discovery and that it has failed to assert any extraordinary circumstance to justify relief under Fed. R. Civ. P. 60(b)(6). Id.

Motion for Relief from Judgment

The court may relieve a party from a judgment or an order in the presence of 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other misconduct; 4) void judgment; 5) equitable considerations; and 6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The court may not relieve a party from judgment on grounds outside of the six factors enumerated in the rules. 3 Moore's Manual-- Federal Practice and Procedure § 26.40 (2022). A motion under Fed. R. Civ. P. 60(b) must be made within a reasonable time, except in cases where a judgment is void. 3 Moore's at § 26.61. What is or is not reasonable is evaluated on a case-by-case scenario and "the court must analyze the facts to determine whether the opposing party was prejudiced by the delay and whether the moving party had a good reason for failing to take action sooner." Id. Relief from judgment under Fed. R. Civ. P. 60(b)(1) & (2) must be made within a one-year period and even though a motion is timely filed, the court may deny it if it is not made within a reasonable period. Id.

Fed. R. Civ. P. 60(b)(1) allows the court to reconsider a judgment when the court has made substantive mistake of law or fact in the final judgment or order. 3 Moore's at § 26.41(citing Owens v. Republic of Sudan, 864 F.3d 751, 818 (D.C. Cir. 2017); Fisher v. Kadant, Inc., 589 F.3d 505, 513 n. 5, (1st Cir. 2009); Utah v. United States, 528 F.3d 712, 722-723 (10th Cir. 2008)). In the First Circuit, motions to obtain relief from judgment on the ground that the judgment is based on a legal error made by the court are not allowed under Rule 60(b)(1). Id. (citing Hoult v. Hoult, 57 F.3d 1, 5 (1st Cir. 1995)). Claims of legal error in our circuit may be reviewed only by Fed. R. Civ. P. 59, made applicable to bankruptcy under Fed. R. Civ. P. 9023, or by an appeal. Id. Moreover, under this rule, the term "surprise" means that the court's judgment has created an unexpected and extreme hardship to the moving party. Id. (citing Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008).

Under Fed. R. Civ. P. 60(b)(2), a final judgment, order, or proceeding may be relieved "on the ground of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." 3 Moore's at § 26.42. The movant must prove very similar elements to the motion for a new trial under Fed. Civ. P. 59(a). Id. A movant seeking to use newly discovered evidence to ask for a new trial or alter a judgment in this Circuit must

show that this evidence: 1) was found after the trial; 2) could not have been discovered earlier by the movant with due diligence; 3) its probative use "is not merely cumulative or impeaching"; and 4) it is of a nature that will probably change the result if a new trial is granted. Duffy v. Clippinger, 857 F.2d 877, 889 (1st Cir. 1988).  Additional factors considered by the circuits include that the evidence: 1) must have existed at the time of trial; 2) must be admissible and credible; and 3) must be material to the issues tried. 3 Moore's § 26.42 (citing United States v. McGaughey, 977 F.2d 1067, 1075 (7th Cir. 1992); Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000)).

To relieve a party from a final judgment or order for any reason that justifies relief is an equitable consideration and the court's discretion is not unlimited. 3 Moore's § 26.46. Rule 60(b)(6) can only be used in extraordinary circumstances and "the court may not speculate on grounds for granting relief." Id. This rule cannot be used to obtain relief from a late appeal. Id. There cannot be a finding of an extraordinary circumstance when: 1) there is a lack of knowledge of the relevant law or legal theory; 2) failure to move for relief in a prompt manner; 3) changes in decisional law; and 4) opposing party fails to disclose required information in a court filing. Id. An extraordinary circumstance must not find support in any of the previous grounds given by Fed. R. Civ. P. 60(b)(1)-(5). 3 Moore's § 26.46 (citing Tustin v. Motorists Mut. Ins. Co., 668 F. Supp. 2d 755, 760 (N.D. W. Va. 2009)).

<u>Legal Analysis</u>

The Defendant alleges that relief from judgment under Fed. R. Civ. P. 60(b)(1) is warranted because it believes that the partial summary judgment is mistaken because it changes the determination of a previous order where the court expressed that the communications between it and the Plaintiff were not collection letters. Docket Nos. 86 & 44. However, the discovery order and the partial summary judgment are not contradictory. [1] In the partial judgment, we determined

---

[1] The issue is not the name of the document, but the purpose of the document. Generally, a collection letter, also known as a demand letter, requests that the recipient take a determined action, such as paying money or else, risk being sued. Demand Letter, BLACK'S LAW DICTIONARY (11th ed. 2019). An account statement is "[a] report issued periodically by a creditor to a customer, providing certain information on the customer's account, including the amounts billed, credits given and the balance due." Statement of Account, BLACK'S LAW DICTIONARY (11th ed. 2019). In the instant case, even though the document is an account statement, not a collection letter, it demands payment of a discharged debt. Therefore, there is no contradictory order.

-4-

that the account statements violated the discharge order because they contained language demanding payment from the Debtor of a discharged debt. Docket No. 86 at 3-4.

In the First Circuit the use of Rule 60(b)(1) to raise an issue of law is frowned upon. Hoult, 57 F.3d at 5. The Defendant had to move under Rule 59 in a timely fashion. Rule 59 is made applicable to bankruptcy by Fed. R. Bankr. P. 9023, which requires a party seeking new trial or amendment of judgment (reconsideration) to move under this procedural rule no later than 14 days after the entry of judgment. We cannot grant the Defendant's plea under this basis because it did not move within the 14-day period after the entry of the order to ask for reconsideration under the aforementioned rule. Moreover, the Defendant cannot claim that the court's alleged change of interpretation caught it by surprise, because a plain review of the account statements validates the court's orders at Docket No. 44 and 86.

Under Fed. R. Civ. P. 60(b)(2), the moving party must show that it discovered new evidence that could not have been discovered prior to trial with due diligence and that such evidence has the impact of changing the court's decision. The Defendant here did not show its diligence to obtain the evidence prior to the court's entry of partial summary judgment and why this evidence could not have been acquired earlier. Leopore v. Vidockler, 792 F.2d 272, 275 (1st Cir. 1986)(the First Circuit did not find an abuse of discretion in denying relief from judgment under Fed. R. Civ. P. 60(b)(2) because movant failed to show due diligence in obtaining the new evidence).

Instead, the Defendant seeks to pass blame to an alleged third-party, Evertec, that was never brought up in the case until months after the partial summary judgment order was entered. Even though the Defendant filed the motion for relief from judgment under Fed. R. Civ. P. 60(b)(1) & (2) in a timely fashion, we understand that it was not made within a reasonable period. See White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990)(the Tenth Circuit held that a relief from judgment motion is not timely, just because it was filed within the one-year of the judgment; a party must be forthcoming in explaining the reason for their delay). Simply put, this motion is a disguised Fed. R. Civ. P. 59 motion for reconsideration.

We observe that the parties were involved in litigation for almost two years and the court had approved discovery deadlines. Nevertheless, in reviewing the account statements again, they clearly indicate that the Defendant mailed them to the Plaintiff. We have no evidence of Evertec's

role in mailing the account statements in the motion for summary judgment, opposition to summary judgment and the motion to relief the summary judgment order. The Defendant's allegations are self-serving and lack factual support. This mere allegation of "new evidence" if substantiated could have been discovered previously; as such, the court cannot allow the Defendant's motion to proceed under Fed. R. Civ. P. 60(b)(2).

Regarding the Defendant's allegations under Fed. R. Civ. P. 60(b)(6), we do not find an extraordinary circumstance that would authorize this court to vacate the partial summary judgment order. Circumstances prescribed by Rule 60(b)(6) must be "situations where principles of equity mandate a relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990). A party that invokes Rule 60(b)(6) must be faultless or not the "party to blame." Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 393 (1993). See also Mitchell v. Hobbs, 951 F.2d 417, 420 (1st Cir. 1991)("to justify relief under Rule 60(b)(6), a party must show extraordinary circumstances suggesting that the party is faultless in the delay").

The court finds that the Defendant's arguments that 1) the Plaintiff allegedly did not complete discovery; 2) that the Defendant is being sued for Evertec's alleged wrongdoing and will eventually bear the economic consequence of this third-party's alleged wrongdoing; is not an extraordinary circumstance. It was the Defendant's responsibility to discover Evertec's role, if any, during the discovery period. The court's ruling was based on evidence that showed that only the Defendant is responsible for violating the discharge order by issuing account statements that requested payment of the discharged debt.

Conclusion

For the above reasons, the Defendant's motion for relief from judgment under Rule 60(b)(1), (2) & (6) is denied.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of June, 2022.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge

-6-